**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 24 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TARIQ AHMAD,

  Plaintiff-Appellant,

v.

JIM FULKERSON; DOES, 1-10, inclusive,

  Defendants-Appellees.

No. 21-17030

D.C. No. 3:20-cv-00717-MMD-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted January 18, 2023[**]

Before: GRABER, PAEZ, and NGUYEN, Circuit Judges

Tariq Ahmad appeals pro se from the district court's judgment dismissing

his diversity action arising out of a suit alleging commercial bribery and fraud. We

have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack

of personal jurisdiction. *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1073 (9th Cir. 2011).  We affirm.

The district court properly dismissed Ahmad's action for lack of personal jurisdiction because Ahmad failed to allege sufficient claim-related contacts with Nevada to provide the court with specific personal jurisdiction over defendant. *See id.* at 1076-80 (discussing requirements for specific jurisdiction).

We do not consider Ahmad's contentions regarding general jurisdiction because they were raised for the first time on appeal.  *See Cold Mountain v. Garber*, 375 F.3d 884, 891 (9th Cir. 2004) ("In general, we do not consider an issue raised for the first time on appeal."); *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (explaining that a failure to object to a magistrate judge's legal conclusion is a factor to be weighed in considering the propriety of finding waiver of an issue on appeal).

The district court did not abuse its discretion by denying Ahmad further leave to amend because amendment would have been futile.  *See Cervantes v. Countrywide Home Loans*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that a district court may deny leave to amend if amendment would be futile).

We reject as unpersuasive Ahmad's contention that his motion for leave to file a second amended complaint rendered moot defendant's motion to dismiss the

first amended complaint.

**AFFIRMED.**